IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARTIN WARE,

        Plaintiff,                      No. 2:12-cv-1505 MCE KJN P

    vs.

M. McDONALD, et al.,

        Defendants.         <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to

make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

On June 21, 2012, plaintiff filed a motion to amend, along with his first amended complaint.

Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that:

A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Id. An amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended pleading is filed, the original pleading no longer serves any function in the case. Id.; see also L.R. 220 (every pleading to which an amendment is permitted as a matter of right shall be retyped and filed so that it is complete in itself without reference to the prior pleading.). Although the allegations of this pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), plaintiff is required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California.

Because the complaint has not yet been served, plaintiff may amend his complaint once as a matter of course. Accordingly, plaintiff's motion to amend is unnecessary, and is denied as moot. This action now proceeds on plaintiff's first amended complaint. (Dkt. No. 9.)

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

1 grounds, Davis v. Scherer, 468 U.S. 183 (1984).

2  Plaintiff's first amended complaint is 41 pages long, 15 of which are exhibits. Plaintiff names six defendants. Plaintiff alleges two causes of action: violation of plaintiff's right to be free from unsafe conditions of confinement, in violation of the Eighth Amendment (count I), and deprivation of plaintiff's opportunity to aggrieve the conditions of confinement (count II). However, review of plaintiff's complaint is made difficult by plaintiff's inclusion of every slight and detail, including facts not relevant to cognizable civil rights claims.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v.

4

Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where there is no evidence of personal participation). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

First, the factual allegations portion of the amended complaint begins with ¶ 92, which refers to a ¶ 91, but there is no ¶ 91 in the amended complaint. It appears plaintiff omitted a number of paragraphs that were included in the original complaint. Plaintiff should re-number his allegations in any second amended complaint. Moreover, in a generic paragraph that follows almost every paragraph reciting factual allegations, plaintiff states that as to the claim in the earlier-numbered paragraph, defendants McDonald, Hank, Fackrell, Giessner and Glover "caused plaintiff a serious denial to plaintiff's request." See, e.g., ¶¶ 98, 100, 106, 108, 110, 112, 114, 116, 118, 120 ,122, 145. It is unclear what request plaintiff is referring to; moreover, the denial of an inmate's request does not demonstrate a constitutional violation. Plaintiff's generic language does not identify what acts each defendant took, or identify what constitutional right the act allegedly violated. In addition, because plaintiff recites all of the individuals named as defendants in these generic paragraphs, but in the prior paragraph recites actions taken by only one or a few of those defendants, the prior paragraph cannot serve to plead a link or connection between the facts pled and the generic paragraph that follows. Plaintiff should omit these generic paragraphs in any second amended complaint.

Second, plaintiff contends that defendant McDonald "caused a serious denial to plaintiff's request," and includes defendant McDonald in all his paragraphs alleging violations. However, the documents appended to plaintiff's amended complaint demonstrate that defendant McDonald was not present during any of the incidents alleged by plaintiff. Rather, defendant McDonald is the Warden. Plaintiff does not identify what specific request plaintiff posed to defendant McDonald that McDonald allegedly denied. Plaintiff alleges no facts demonstrating a

link or connection between the alleged violations and defendant McDonald.  Thus, plaintiff fails to state a cognizable civil rights claim as to defendant McDonald.

Third, although plaintiff did not include a claim of excessive force as a separate cause of action, it appears that plaintiff claims that certain defendants used excessive force against plaintiff.

The analysis of an excessive force claim brought pursuant to Section 1983 begins with "identifying the specific constitutional right allegedly infringed by the challenged application of force." Graham v. Connor, 490 U.S. 386, 394 (1989).  The Eighth Amendment's prohibition on cruel and unusual punishment applies to incarcerated individuals.  Whitley v. Albers, 475 U.S. 312, 318 (1976).  To state an Eighth Amendment claim, a plaintiff must allege that the use of force was the "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident.  Hudson v. McMillian, 503 U.S. 1, 9 (1992); see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

Whether force used by prison officials was excessive is determined by inquiring if the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7.  Courts evaluate the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response.  See Whitley, 475

U.S. at 321.  The absence of significant injury alone is not dispositive of a claim of excessive force.  See Wilkens v. Gaddy, 130 S. Ct. 1175, 1176-77 (2010) (dismissal based on determination that injuries were de minimis, without more, requires reversal).

Therefore, to state a cognizable claim of excessive force, plaintiff must identify the specific individual who used force against plaintiff, and supply factual allegations that demonstrate the force used was excessive.  Plaintiff should not include individuals who were not present during the use of force, or who did not participate in the use of force.  For example, it appears plaintiff included individuals who simply responded to the incident (i.e. ¶ 141), but did not use force on plaintiff.  Plaintiff failed to demonstrate how their actions in responding allegedly violated plaintiff's constitutional rights.  Plaintiff will be granted leave to file a second amended complaint to specifically set forth the facts supporting each element of Hudson, identifying the injuries plaintiff claims he sustained as a result of the alleged use of excessive force, and identifying the claim as a violation of plaintiff's Eighth Amendment rights.  For example, it appears plaintiff can state a potentially cognizable excessive use of force claim as to defendant Holt (¶ 99), and defendants Giessner and Glover (dkt. no. 9 at 14-21); plaintiff should include his factual allegations as to defendants Holt, Giessner, and Glover in the second amended complaint.  However, as to the other named defendants, plaintiff is cautioned, that "[n]ot every push or shove . . . violates a prisoner's constitutional rights."  Hudson, 503 U.S. at 9-10 (internal quotation and citation omitted).

Fourth, plaintiff includes various factual allegations concerning defendants' efforts to interview plaintiff concerning the use of force, and appears to challenge the timing of the interview, as well as whether it was properly videotaped or recorded.  Plaintiff also includes allegations concerning an allegedly "improper" and "unethical" escort.  These allegations fail to state cognizable civil rights claims.  Mere verbal abuse and threats do not violate the Eighth Amendment proscription against cruel and unusual punishment.  Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  "[A]n

institutional employee's verbal harassment or idle threats to an inmate, even if they cause an inmate fear, anxiety, or discomfort, do not constitute an invasion of any identified liberty interest." McClellan v. Bassett, 2006 WL 2079371, *1 (D. Va. 2006).

The Fourteenth Amendment to the United States Constitution provides that: "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Board of Regents v. Roth, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty or property interests sufficient to invoke due process protection. Meachum v. Fano, 427 U.S. 215, 223-27 (1976). Thus, to state a procedural due process claim, plaintiff must allege: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." Wright v. Riveland, 219 F.3d 905, 913 (9th Cir. 2000).

Plaintiff failed to plead facts sufficient to show that any named prison official deprived him of a protected liberty interest by allegedly denying him due process. While a liberty interest can arise from state law or prison regulations, Meachum, 427 U.S. at 223-27, due process protections are implicated only if plaintiff alleges facts to show that defendants: (1) restrained his freedom in a manner not expected from his sentence, and (2) "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995); Neal v. Shimoda, 131 F.3d 818, 827-28 (9th Cir. 1997). Plaintiff's allegations fail to address these elements. In addition, plaintiff fails to explain how he was "deprived of the right to aggrieve the conditions of confinement." (Count II.)

Fifth, plaintiff's allegations in ¶¶ 144 and 145 contradict each other. In ¶ 144, plaintiff states that defendants Fackrell and Harkness are not parties in this matter. However, in ¶ 145, plaintiff states that as to the claim in ¶ 144, defendants, including Fackrell, caused a serious denial to plaintiff's request. (Dkt. No. 9 at 22.) Moreover, the allegations contained in ¶¶ 144

and 146 also fail to state a cognizable civil rights claim, for the reasons set forth above.

Sixth, plaintiff states that defendants kept plaintiff in "very unsafe conditions of confinement and deprived him of reasonable . . . protection . . . from harm." (Dkt. No. 9 at 24.) However, it is unclear which factual allegations or defendants are connected to this allegation.

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson, 503 U.S. at 9. Prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998); Farmer v. Brennan, 511 U.S. 825, 847 (1994). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834. Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837. Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 835. Deliberate indifference is the reckless disregard of a substantial risk of serious harm. See Farmer, 511 U.S. at 836. Mere negligence is insufficient to establish deliberate indifference since "Eighth Amendment liability requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Id., 511 U.S. at 835 (quoting Whitley, 475 U.S. at 319. The defendant's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128.

////

1    If plaintiff can allege facts demonstrating that an individual was deliberately
2 indifferent to a substantial risk of serious harm, plaintiff must identify the individual involved,
3 and set forth specific facts linking the individual to the alleged violation, and demonstrating the
4 individual acted with the requisite state of mind.

5    Therefore, the court finds the allegations in plaintiff's amended complaint so
6 vague and conclusory that it is unable to determine whether the current action is frivolous or fails
7 to state a claim for relief.  The court has determined that the amended complaint does not contain
8 a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules
9 adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the
10 claim plainly and succinctly.  Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).
11 Plaintiff must allege with at least some degree of particularity overt acts which defendants
12 engaged in that support plaintiffs claim.  Id.  Because plaintiff has failed to comply with the
13 requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  The court
14 will, however, grant leave to file a second amended complaint.

15    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
16 conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.
17 Rizzo, 423 U.S. at 371.  Also, the second amended complaint must allege in specific terms how
18 each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless
19 there is some affirmative link or connection between a defendant's actions and the claimed
20 deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743.
21 Furthermore, vague and conclusory allegations of official participation in civil rights violations
22 are not sufficient.  Ivey, 673 F.2d at 268.

23    The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara,
24 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved
25 any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ.
26 P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must

be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning);[1] see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).  The court (and defendant) should be able to read and understand plaintiff's pleading within minutes.  McHenry, 84 F.3d at 1179-80.  A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915, and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

////

---

[1] The Ninth Circuit in McHenry observed that the Federal Rules require that a complaint consist of "simple, concise, and direct" averments.  Id. at 1177.  As a model of concise pleading, the court quoted the standard form negligence complaint from the Appendix to the Federal Rules of Civil Procedure:

   1.  Allegation of jurisdiction.

   2.  On June 1, 1936, in a public highway, called Boylston Street, in Boston Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.

   3.  As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.

   Wherefore plaintiff demands judgment against defendant in the sum of one thousand dollars.

McHenry, 84 F.3d at 1177.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp., 550 U.S. at 555). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 129 S. Ct. at 1949 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux, 375 F.2d at 57. Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in the second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. However, plaintiff may ask the court to re-append the exhibits submitted with the amended or original complaint to any second amended complaint.

////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's June 21, 2012 motion to amend (dkt. no. 8) is denied;

4. Plaintiff's amended complaint is dismissed.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Second Amended Complaint.

Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must also bear the docket number assigned to this case and must be labeled "Second Amended Complaint." Failure to file a second amended complaint in accordance with this order may result in the dismissal of this action.

DATED: July 27, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ware1505.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARTIN WARE,

        Plaintiff,                  No. 2:12-cv-1505 KJN P

    vs.

M. McDONALD, et al.,              NOTICE OF AMENDMENT

        Defendants.

_____/

        Plaintiff hereby submits the following document in compliance with the court's order filed _____:

        _____        Second Amended Complaint

DATED:

                                                      _____
                                                      Plaintiff