IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARTIN WARE,

      Plaintiff,                    No. 2:12-cv-1505 MCE KJN P

   vs.

M. McDONALD, et al.,

      Defendants.          ORDER

_____/

I. <u>Introduction</u>

      Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff was directed to notify the court whether he wished to file a third amended complaint, in light of subsequent requests to supplement the pleading, or to proceed on the second amended complaint. (Dkt. No. 28.) Plaintiff elected to proceed on the second amended complaint.

II. <u>Screening</u>

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised

1

1  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
2  granted, or that seek monetary relief from a defendant who is immune from such relief.
3  28 U.S.C. § 1915A(b)(1),(2).
4        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
5  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
6  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
7  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
8  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
9  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
10 Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
11 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably
12 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
13 1227.
14       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
15 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
16 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
17 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
18 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more
19 than "a formulaic recitation of the elements of a cause of action;" it must contain factual
20 allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,
21 "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair
22 notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551
23 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal
24 quotations marks omitted).  In reviewing a complaint under this standard, the court must accept
25 as true the allegations of the complaint in question, id., and construe the pleading in the light
26 most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's second amended complaint is 63 pages long, and names 11 defendants. At bottom, however, plaintiff's claims stem from a decision to house plaintiff with an inmate with whom plaintiff alleges he could not safely be housed, and two incidents of excessive force that plaintiff alleges occurred during his escort to that cell, all of which occurred on June 4, 2011. Plaintiff alleges seventeen separate causes of action; however, as explained below, plaintiff's allegations raise potentially cognizable civil rights claims only as to the following causes of action: alleged deliberate indifference to plaintiff's safety needs,[1] in violation of the Eighth Amendment, see Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (prison officials have a duty to protect prisoners from violence at the hands of other prisoners); and alleged excessive force in violation of the Eighth Amendment.

As plaintiff was previously informed, the Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976)

---

[1] Plaintiff claims his First Amendment rights were violated, and includes the phrase "deliberate retaliatory intent" in his failure to protect claim. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Here, however, plaintiff does not allege that he was engaged in protected conduct, and the factual allegations do not support a claim based on retaliation or the First Amendment.

(no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where there is no evidence of personal participation). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Plaintiff includes no charging allegations as to Warden McDonald, and alleges no facts connecting defendant McDonald with the incidents at issue here. Similarly, plaintiff includes no charging allegations as to defendant Clark, who is an appeals coordinator.[2] Plaintiff

---

[2] Moreover, prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Put another way, prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. Because there is no right to any particular grievance process, plaintiff cannot state a cognizable civil rights claim for a violation of his due process rights based on allegations that prison officials ignored or failed to properly process grievances. See, e.g., Wright v. Shannon, 2010 WL 445203 at *5 (E.D. Cal. Feb.2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Walker v. Vazquez, 2009 WL 5088788 at *6-7 (E.D. Cal. Dec.17, 2009) (plaintiff's allegations

4

should not renew his claims as to defendants McDonald and Clark in any third amended complaint.

Plaintiff fails to state a cognizable claim as to defendant P. Fackrell. Plaintiff alleges defendant P. Fackrell interviewed plaintiff at the infirmary after the last use of force incident. However, as plaintiff was informed in this court's prior order, none of the allegations as to defendant P. Fackrell state a cognizable civil rights claim. (Dkt. No. 16 at 7.) Plaintiff should not renew his claim as to defendant P. Fackrell in any third amended complaint.

In addition, plaintiff's reliance on the Fourteenth Amendment in this context is unavailing. The Fourteenth Amendment offers plaintiff no greater protection than the Eighth Amendment. Whitley v. Albers, 475 U.S. 312 (1986) (in excessive force case, Eighth Amendment serves as the primary source of protection); Murphy v. Dowd, 975 F.2d 435 (9th Cir. 1992) (prisoner's Fourteenth Amendment claim concerning conditions of confinement subsumed by Eighth Amendment claim).

Moreover, mere verbal abuse and threats do not violate the Eighth Amendment proscription against cruel and unusual punishment. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

Finally, plaintiff alleges that he suffered the intentional infliction of emotional distress, in violation of the Eighth and Fourteenth Amendments, based on defendants' alleged failure to do a victim referral with the district attorney to investigate plaintiff's claims concerning the cell move and his subsequent injuries allegedly sustained during the subsequent two escorts. (Dkt. No. 23 at 48.)

////

---

that prison officials failed to timely process his inmate appeals failed to a state cognizable under the Fourteenth Amendment); Towner v. Knowles, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights); Williams v. Cate, 2009 WL 3789597 at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

First, the intentional infliction of emotional distress is a state law claim, not a constitutional violation. Second, plaintiff cites to no statute that required defendants to complete a victim referral for plaintiff, or that grant plaintiff a private right of action as to such a claim. Indeed, the decision to charge an individual with criminal violations is solely within the discretion of the district attorney. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); Diamond v. Charles, 476 U.S. 54, 64 (1986) (noting that a victim of a crime does not have a "judicially cognizable interest" in prosecuting an alleged criminal); Satler v. Johnson, 857 F.2d 224, 227 (4th Cir.1988) (neither member of public at large nor victim has right to have another criminally prosecuted). The California Code of Regulations is designed to guide prison staff; the regulations do not provide prisoners with rights to sue. See Sandin v. Conner, 515 U.S. 472, 481-82 (1995) (prison regulations "guide correctional officials in the administration of a prison" and do not "confer rights on inmates").

However, as stated above, it appears plaintiff may be able to state a cognizable civil rights claim based on alleged violations of the Eighth Amendment, as set forth below:

A. Alleged Failure to Protect

The Eighth Amendment requires that prison officials take reasonable measures for the safety of prisoners. Id. at 832. In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Id. at 833. An Eighth Amendment failure to protect claim has two elements: (1) the condition complained of must be shown to present a substantial risk of serious harm, and (2) the defendant must be shown to have possessed a sufficiently culpable state of mind. Id. at 834.

In prison conditions cases, the necessary state of mind to establish an Eighth Amendment violation is one of "deliberate indifference." Id. A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official must know of and disregard

6

an excessive risk to inmate health or safety. Id. at 837. The official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he or she must also draw the inference. Id. A detention official's knowledge of substantial risk "is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence. . . ." Id. at 842 (citations omitted)

Neither negligence nor gross negligence constitutes deliberate indifference. Id. at 835-36 & n.4; see also Estelle v. Gamble, 429 U.S. 97, 106 (1976) (deliberate indifference requires more than negligence). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

Thus, plaintiff should only name as defendants those prison officials who knew plaintiff was at a substantial risk of serious harm if housed with inmate Beltran, yet assigned plaintiff to cell with Beltran anyway.

B. Alleged Excessive Force

The analysis of an excessive force claim brought pursuant to Section 1983 begins with "identifying the specific constitutional right allegedly infringed by the challenged application of force." Graham v. Connor, 490 U.S. 386, 394 (1989). The Eighth Amendment's prohibition on cruel and unusual punishment applies to incarcerated individuals. Whitley, 475 U.S. at 318. To state an Eighth Amendment claim, a plaintiff must allege that the use of force was the "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Hudson v. McMillian, 503 U.S. 1, 9 (1992); see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual

7

punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

Whether force used by prison officials was excessive is determined by inquiring if the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7. Courts evaluate the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. See Whitley, 475 U.S. at 321. The absence of significant injury alone is not dispositive of a claim of excessive force. See Wilkens v. Gaddy, 130 S. Ct. 1175, 1176-77 (2010) (dismissal based on determination that injuries were de minimis, without more, requires reversal).

Therefore, to state a cognizable claim of excessive force, plaintiff must identify the specific individual who used force against plaintiff, and supply factual allegations that demonstrate the force used was excessive. Plaintiff should not include individuals who were not present during the use of force, or who did not participate in the use of force. Plaintiff will be granted leave to file a third amended complaint to specifically set forth the facts supporting each element of Hudson, identifying the injuries plaintiff claims he sustained as a result of the alleged use of excessive force, and identifying the claim as a violation of plaintiff's Eighth Amendment rights. For example, it appears plaintiff may be able to state a potentially cognizable excessive use of force claim as to defendants Holt, Green, Giessner, and Glover; thus, plaintiff should include his factual allegations as to defendants Holt, Green, Giessner, and Glover in the third amended complaint. However, plaintiff is cautioned that he does not need to explain all the details leading up to the use of force. Plaintiff need only allege sufficient facts as to those defendants he claims used excessive force. Moreover, "[n]ot every push or shove . . . violates a prisoner's constitutional rights." Hudson, 503 U.S. at 9-10 (internal quotation and citation

omitted).

III. Request for Injunctive Relief

Within the second amended complaint, plaintiff refers to a request for injunctive relief, but did not include such a request in the prayer for relief. Plaintiff asks the court to impose a permanent restraining order on defendants employed at High Desert State Prison in connection with plaintiff's efforts to exhaust his administrative remedies. (Dkt. No. 23 at 17.) However, plaintiff is now housed at Kern Valley State Prison in Delano, California.

When a prisoner is transferred from a prison, claims for injunctive relief arising from conditions at the former prison become moot. See Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001) (citing Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995)). Plaintiff does not allege that there is a reasonable possibility of returning to High Desert State Prison, so his prayer for injunctive relief does not fall within the "capable of repetition yet evading review" exception to the mootness doctrine. See Dilley, 64 F.3d at 1368. Finally, plaintiff does not allege that defendants have any authority over plaintiff's housing or other conditions of plaintiff's confinement at Kern Valley State Prison. This court is unable to issue an order against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969). Therefore, plaintiff should not renew his claim for injunctive relief in any third amended complaint.

IV. Exhibits

Plaintiff has submitted various exhibits with his original complaint, and subsequent amended complaints. (Dkt. Nos. 1 at 31-72; 9 at 27-40; & 23 at 50-62.) Some of these documents pertain to plaintiff's efforts to exhaust his administrative remedies and are not relevant to plaintiff's underlying claims. Thus, rather than re-append these exhibits to any third amended complaint, the court will retain the exhibits pending receipt of plaintiff's third amended complaint. Plaintiff may refer to these exhibits.

////

V. <u>Dismissal With Leave to Amend</u>

Accordingly, plaintiff's second amended complaint does not contain a short and plain statement as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure, and is dismissed with leave to amend. Plaintiff must provide a short, plain statement that gives the defendant fair notice of what the plaintiff's claim is, and the facts upon which his claim rests. <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 512 (2002) (quoting <u>Conley</u>, 355 U.S. at 47. This means that plaintiff must briefly describe who the defendant is (job title is sufficient), what the defendant did, and how such actions violated plaintiff's rights. Each defendant is only liable for the injuries that his own actions cause, so the third amended complaint must be limited accordingly. Plaintiff is advised that he need not cite legal authorities. "Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim." See <u>Swierkiewicz</u>, 534 U.S. at 514. Accordingly, any third amended complaint **shall not exceed twenty pages**.

Plaintiff is not required to address the issue of exhaustion of administrative remedies, other than to check the appropriate boxes on the form complaint. In his second amended complaint, plaintiff included four handwritten pages addressing his efforts to exhaust. Plaintiff shall not include these allegations in the third amended complaint.

With the exception of his exhibits, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's third amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a third amended complaint, the original pleading no longer serves any function in the case. Therefore, in the third amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. However, as noted above, the court will retain plaintiff's exhibits for future reference.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint (dkt. no. 23) is dismissed with leave to amend.

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Third Amended Complaint.

Plaintiff's third amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The third amended complaint must also bear the docket number assigned to this case and must be labeled "Third Amended Complaint." **The third amended complaint shall not exceed twenty pages in length**. Failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. The Clerk of Court shall send plaintiff the form for filing a civil rights action pursuant to 42 U.S.C. § 1983.

DATED: April 9, 2013

                                              _____
                                              KENDALL J. NEWMAN
                                              UNITED STATES MAGISTRATE JUDGE

ware1505.14b

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARTIN WARE,

        Plaintiff,　　　　　　　　　No. 2:12-cv-1505 KJN P

    vs.

M. McDONALD, et al.,　　　　　　　　NOTICE OF AMENDMENT

        Defendants.

_____/

        Plaintiff hereby submits the following document in compliance with the court's order filed _____:

    _____　　　　Third Amended Complaint that does not exceed 20 pages in length

DATED:

                                        _____
                                        Plaintiff