UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN WARE, | No. 2:12-cv-1505 TLN KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| M. McDONALD, et al., | |
| Defendants. | |

Plaintiff is a state prisoner and is proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

Plaintiff alleges he suffered two incidents of excessive force, and claims defendants failed to protect plaintiff when they knowingly forced him to cell with an enemy. In addition to violations of the Eighth Amendment, plaintiff contends defendants intentionally inflicted emotional distress. Plaintiff also alleges violations of his First and Fourteenth Amendment rights,

and specifically argues that defendants violated his right to equal protection.

The court has reviewed plaintiff's third amended complaint and, for the limited purposes of § 1915A screening, finds that it states potentially cognizable Eighth Amendment claims, and a potentially cognizable state law claim for the intentional infliction of emotional distress,[1] against defendants Hank, Green, Tancreto, Fackrell, Holt, Giessner, and Glover. See 28 U.S.C. § 1915A.

The court finds that the third amended complaint does not state cognizable Fourteenth Amendment claims against defendants. In counts four and five, plaintiff alleges that defendants Hank, Fackrell, Green, Tancreto, Holt, Giessner, and Glover violated plaintiff's right to equal protection by failing to properly investigate plaintiff's claims that his newly-assigned cellmate was an enemy, and requiring plaintiff to house with inmate Beltran. (ECF No. 41 at 15-16).

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982)). To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause, a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. Washington v. Davis, 426 U.S. 229, 239-40 (1976). Inherently "suspect distinctions" that define a protected class include race, religion, and alienage. See City of New Orleans v. Dukes, 427 U.S. 297, 303 (1976). Prisoners are not a protected class for equal protection purposes. See Hampton v. Hobbs, 106 F.3d 1281, 1286 (6th Cir. 1997) ("neither prisoners nor indigents are a suspect class").

Where state action does not implicate a fundamental right or a suspect classification, the plaintiff can establish an equal protection claim by demonstrating that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir. 2004). The plaintiff may pursue such an equal protection claim by raising a triable issue of

---

[1] Although plaintiff alleges his emotional distress claim is pled under the Eighth and Fourteenth Amendments, the court construes this claim as a state law claim. See April 10, 2013 Order at 6.

2

fact as to whether the defendants' asserted rational basis was merely a pretext for differential treatment. Id. at 945-46.

Here, plaintiff's equal protection claims are without merit. First, he has not shown that he is a member of a protected class. Prisoners are not a suspected class, and plaintiff has not alleged or demonstrated that he is a member of such a class. Second, he has not shown that defendants' action implicated a fundamental right. Third, alleged deprivations of rights arising from prison officials' housing decisions do not give rise to a federal constitutional claim encompassed by the Fourteenth Amendment. Board of Regents v. Roth, 408 U.S. 564, 569 (1972). State statutes and regulations give rise to an interest protected by the Fourteenth Amendment only where the restraint on a prisoner's liberty "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483 (1995). Inmates have no federal constitutional right to particular procedures established by state law. Toussaint v. McCarthy, 801 F.2d 1080, 1096-97 (9th Cir. 1986), abrogated in part on other grounds, Sandin, 515 U.S. at 472. On the basis of these authorities, the court finds that plaintiff's allegations concerning housing decisions fail to state a Fourteenth Amendment claim upon which relief may be granted.

Fourth, plaintiff's reliance on the Fourteenth Amendment in this context is unavailing. Plaintiff's allegations pertain to his claim that defendants allegedly failed to protect plaintiff. The Fourteenth Amendment offers plaintiff no greater protection than the Eighth Amendment. Whitley v. Albers, 475 U.S. 312 (1986) (in excessive force case, Eighth Amendment serves as the primary source of protection); Murphy v. Dowd, 975 F.2d 435 (9th Cir. 1992) (prisoner's Fourteenth Amendment claim concerning conditions of confinement subsumed by Eighth Amendment claim).

For all of these reasons, plaintiff's Fourteenth Amendment claims are unavailing, and further amendment as to such claims would be futile. Thus, the court recommends that plaintiff's Fourteenth Amendment claims be dismissed.

Finally, in count 1 of the operative complaint, plaintiff claims his First Amendment right to freedom of speech was violated by defendants' alleged "failure to gather additional general

information and verbal complaints related to threats upon plaintiff's safe condition of confinement and when deciding to transfer plaintiff to a different cell." (ECF No. 41 at 12.) As set forth above, plaintiff's arguments relate to his contention that defendants failed to protect plaintiff in violation of the Eighth Amendment. Plaintiff alleges no facts demonstrating a cognizable First Amendment violation. Therefore, the court recommends that plaintiff's First Amendment claim also be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendants:  Hank, Green, Tancreto, Fackrell, Holt, Giessner and Glover.

2. The Clerk of the Court shall send plaintiff seven USM-285 forms, one summons, an instruction sheet and a copy of the third amended complaint filed May 20, 2013.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 3 above; and

    d. Eight copies of the endorsed third amended complaint filed May 20, 2013.

4. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

IT IS HEREBY RECOMMENDED that plaintiff's First and Fourteenth Amendment claims be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
2  objections shall be filed and served within fourteen days after service of the objections.  The
3  parties are advised that failure to file objections within the specified time may waive the right to
4  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 3, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/ware1505.1

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN WARE, | No. 2:12-cv-1505 TLN KJN P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| M. McDONALD, et al., | |
| Defendants. | |

Plaintiff submits the following documents in compliance with the court's order filed

_____:

\_\_\_\_        completed summons form

\_\_\_\_        completed USM-285 forms

\_\_\_\_        copies of the _____
              Third Amended Complaint

DATED:

                                                        Plaintiff