UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN WARE, | No. 2:12-cv-1505 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| M. McDONALD, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel. On January 10, 2014, defendants filed, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss plaintiff's claims based on his alleged failure to exhaust administrative remedies. Recently, the Ninth Circuit Court of Appeals, in Albino v. Baca, __ F.3d __, 2014 WL 1344468 (9th Cir. Apr. 7, 2014) (en banc), held that a motion for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, not an unenumerated 12(b) motion to dismiss, is the appropriate vehicle for challenging a prisoner's claims based on an alleged failure to exhaust administrative remedies. Thus, defendants' motion to dismiss is denied without prejudice to re-filing a motion for summary judgment. If defendants move for summary judgment, defendants must contemporaneously serve with the motion, but in a separate document, a copy of the attached Rand Notice. See Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998). Failure to do so may constitute grounds for denial of the motion.

1

In light of the denial of defendants' motion to dismiss,[1] plaintiff is relieved from filing an opposition to the motion as required by the March 20, 2014 order granting plaintiff's motion for extension of time to oppose the motion to dismiss.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss (ECF No. 57) is denied without prejudice; and

2. Defendants may file, within thirty days from the date of this order, a motion for summary judgment based on plaintiff's alleged failure to exhaust administrative remedies, that includes notice to plaintiff of the requirements for opposing the motion. See Woods, 684 F.3d at 935; Rand, 154 F.3d at 957. Such motion shall be briefed in accordance with Local Rule 230(l).

Dated: May 1, 2014

ware1505.Alb

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants may, if appropriate, renew their motion to dismiss on alternative grounds.

2

**Rand Notice to Plaintiff**

This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment.  See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998).  The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial.  If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant.  A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, you must show proof of your claims.[2]  To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated.  You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated.  You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents.  For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed.  If you deny a fact, you must cite to the proof that you rely on to support your denial.  See L.R. 260(b).  If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.

The court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such facts in your opposition.  If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition.  See L.R. 230(l).

If the court grants the defendant's motion, whether opposed or unopposed, judgment will be entered for that defendant without a trial and the case will be closed as to that defendant.

---

[2] If the motion for summary judgment concerns the exhaustion of administrative remedies, you must submit proof of specific facts regarding the exhaustion of administrative remedies.  See Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Albino v. Baca, ___ F.3d ___, 2014 WL 1317141 (9th Cir. April 3, 2014).