UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN WARE, | No. 2:12-cv-1505 TLN KJN P |
| Plaintiff, | |
| v. | ORDER AND REVISED SCHEDULING ORDER |
| M. McDONALD, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On August 17, 2015, plaintiff filed a motion to compel discovery, and a request to extend the discovery deadline. Plaintiff's motion was accompanied by a document styled, "Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order." Although framed in the context of a request for injunctive relief, plaintiff seeks a translated copy of High Desert State Prison ("HDSP") prison video recordings from the use of force interviews of plaintiff produced by defendants Hanks and Crandall dated June 4, 2011, and July 1, 2011, as well as various other documents. Plaintiff seeks an order requiring that plaintiff's confidential discovery, including such videotapes, be maintained through completion of the instant civil action. Defendants oppose plaintiff's motion to compel as untimely brought, and argue that the motion for injunctive relief fails to meet the governing standards. As set forth below, the court denies and partially grants the pending motions.

A. <u>Motion to Compel Discovery</u>

On April 8, 2015, the undersigned issued a discovery and scheduling order which required that any motion to compel discovery must be filed by July 24, 2015, and that all requests for discovery shall be served not later than sixty days prior to that date. Thus, discovery requests were to be served on or before May 26, 2015.

Therefore, plaintiff's motion to compel discovery, signed on August 9, 2015, is untimely. Moreover, defendants provided evidence that plaintiff's second request for production of documents was not received. Plaintiff claims he served the second request on July 13, 2015. However, pursuant to the governing scheduling order, plaintiff was required to serve all discovery requests on or before May 26, 2015. Therefore, plaintiff's second request, although not received by defendants, was untimely propounded.

Defendants properly objected to plaintiff's third request for production of documents which was served on July 13, 2015, almost two months after the deadline to propound discovery expired. Plaintiff's motion to compel responses to the third request is denied as untimely.

B. <u>Motion to Reopen Discovery</u>

"The district court is given broad discretion in supervising the pretrial phase of litigation." <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" <u>Zivkovic v. Southern California Edison Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting <u>Johnson</u>, 975 F.2d at 607).

In his motion, plaintiff provided a copy of a request entitled, "Second Request for Production of Documents," but the request is dated August 9, 2015." (ECF No. 89 at 11.) Defendants claim they have not been served with this request, and note that plaintiff did not provide a copy of the request served on an unknown date and not received by defendants, or a copy of the third request for production of documents served late on July 13, 2015. Defendants provided a copy of plaintiff's discovery requests and responses, as well as a copy of the third

1  request for production of documents.  Comparison of the third request for production of
2  documents untimely served on defendants (ECF No. 91-2 at 76-79), with the second request for
3  production of documents submitted by plaintiff (ECF No. 89 at 11-12), reveals that the requests
4  are fairly similar, other than plaintiff included a few pages of definitions in the earlier request.  In
5  addition, the documents sought are relevant to plaintiff's claims.  After reviewing both of
6  plaintiff's motions, it is unclear whether plaintiff was granted access to review the use of force
7  interview videotapes, and whether plaintiff was provided the other relevant documents sought.
8  However, it appears that plaintiff's first request for production of documents was focused on
9  policies and procedures rather than on obtaining reports or videotapes that were generated as a
10 result of the incidents herein.  Thus, it appears that an extension of the discovery deadline is
11 appropriate for the limited purpose of ensuring that plaintiff has received access to the pertinent
12 videotapes, and obtained other relevant documents.

13       Good cause appearing, defendants are directed to respond, within thirty days, to the
14 second request for production of documents.  (ECF No. 89 at 11-12.)  To the extent that plaintiff
15 seeks videotapes, defendants shall make such videotapes available for plaintiff to watch so that he
16 may make notes while he watches them.  It appears that plaintiff attempted to obtain access to
17 these videotapes, but was denied because Associate Warden Jaime found the records were
18 confidential.  (ECF No. 90-1 at 9 (February 26, 2015 letter).)  However, the use of force evidence
19 is highly relevant to the instant claims and plaintiff is entitled to discover such evidence.

20       The letters provided by plaintiff allege that all written portions of the use of force
21 evidence are contained in the rules violation report, which plaintiff may personally obtain or may
22 already have.  (ECF No. 90-1 at 10.)  However, if there are investigative reports that resulted
23 from the use of force investigations that are not included in the rules violation report, plaintiff is
24 also entitled to copies of such reports, and defendants shall also produce them.

25       Although filed in the context of a request for injunctive relief, the court construes
26 plaintiff's motion as a request to preserve trial evidence or seek additional discovery, related to
27 his underlying motion to compel discovery.  To the extent plaintiff seeks to have the use of force
28 videotapes transcribed, such request is denied.  If defendants have prepared such a transcript, or if

3

they prepare such a transcript for use at summary judgment or at trial, defendants shall provide plaintiff with a copy of such transcript or transcripts.  As set forth above, plaintiff is entitled to view the use of force videotapes in order to oppose a motion for summary judgment and to prepare for trial.  Defendants shall make arrangements with prison officials to ensure that plaintiff is granted access to review such videotapes.  Similarly, defendants shall ensure that such videotapes are preserved for use at trial.

In all other respects, discovery remains closed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel discovery (ECF No. 89) is denied.

2. Plaintiff's motion to extend the discovery deadline (ECF No. 89) is partially granted.

3. Plaintiff's request (ECF No. 90) is partially granted.

4. Within twenty-one days from the date of this order, defendants shall:

   a. Respond to plaintiff's "Second Request for Production of Documents," signed August 9, 2015.  (ECF No. 89 at 11-12.)

   b. Make arrangements for plaintiff to watch the use of force videotapes, and to take notes while he views them.  If investigative reports or other written documents were created in connection with the videotapes that were not included in the rules violation report, defendants shall provide plaintiff with copies of such documents.  If transcripts have been prepared from the videotapes, defendants shall provide plaintiff with copies of such transcripts.  Defendants shall ensure that the videotapes are preserved for trial.

5. Any motion to compel further production of responses to the second request for production of documents shall be filed on or before November 17, 2015.

6. In light of the partial extension of discovery, the pretrial motions deadline, except motions to compel discovery, is continued to January 18, 2016.

Dated:  October 7, 2015

/ware1505.dsc2

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE