UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN WARE,<br><br>    Plaintiff,<br><br>    v.<br><br>M. McDONALD, et al.,<br><br>    Defendants. | No. 2:12-cv-1505 TLN KJN P<br><br><br>ORDER |

    Plaintiff is a state prisoner, proceeding without counsel. On February 10, 2016, defendants filed their reply to plaintiff's opposition to the January 15, 2016 motion for summary judgment. However, on February 16, 2016, plaintiff submitted a 166 page document purportedly in support of plaintiff's opposition to the motion. (ECF Nos. 102, 103.)

    The Local Rules do not authorize the routine filing of a surreply. Nevertheless, a district court may allow a surreply "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill v. England, 2005 WL 3031136, at *1 (E.D. Cal. 2005); accord Norwood v. Byers, 2013 WL 3330643, at *3 (E.D. Cal. 2013), adopted, 2013 WL 5156572 (E.D. Cal. 2013).

    Here, plaintiff submitted a letter addressed to the undersigned in which he claims he had reviewed his opposition and noticed that one of his declarations was not signed or dated, and

1

1  therefore he had rewritten that page and signed his name and dated the document January 31,
2  2016.  Plaintiff stated that he also enclosed "original copies of his statement of the facts and
3  perfected declaration."  (ECF No. 103 at 1.)  Plaintiff asked to be excused because he has been
4  taking medication for severe chest pain.

5  Plaintiff's "perfected declaration" was separately docketed as ECF No. 102.  Because
6  plaintiff's prior declaration was not signed (ECF No. 98), the court will consider his "perfected
7  declaration."  However, the "perfected declaration," containing 136 paragraphs, differs from the
8  previously-submitted declaration, which contains 34 paragraphs.  Therefore, defendants were not
9  provided an opportunity to consider plaintiff's complete declaration in drafting their February 10,
10  2016 reply.  The court will provide defendants an opportunity to file a response to plaintiff's
11  "perfected declaration."

12  With his letter, plaintiff included another affidavit that may be relevant to his opposition.
13  (ECF No. 103 at 16-17.)  Thus, the Clerk of the Court is directed to docket a copy of plaintiff's
14  affidavit as ECF No. 102-1.  Defendants are provided an opportunity to respond to this affidavit
15  as well.

16  It appears that some of plaintiff's statements in these two declarations were included in his
17  verified pleading.  (ECF No. 41.)  However, if plaintiff's "perfected declaration" and "affidavit"
18  require editing defendants' statement of undisputed facts, defendants are also granted leave to do
19  so.

20  The court has reviewed the remainder of plaintiff's February 16, 2016 filing.  The bulk of
21  this filing is not relevant to the pending motion.  For example, plaintiff provides information
22  concerning his underlying criminal conviction, as well as documents pertaining to incidents
23  unrelated to the April 10, 2011 incident at issue here.  Defendants did not raise new arguments in
24  their reply brief, and plaintiff did not seek leave to file a surreply.  For these reasons, the
25  remainder of plaintiff's February 16, 2016 filing, construed as a surreply, is disregarded.

26  Moreover, in reviewing the briefing submitted in connection with the pending motion,
27  certain documents are missing.  In the declaration of T. Johnson, no page 42 of plaintiff's
28  deposition is provided, despite reference to page 42 in defendants' statement of undisputed facts.

1    Also, it appears that a portion of defendant Tancreto's declaration is missing.  (ECF No. 96-10.)
2    The last sentence in paragraph number 3 on page one is a complete sentence, but the next
3    sentence on page two begins mid-sentence, and the next paragraph is numbered "5," not 4.
4    Defendants are directed to provide corrected documents within fourteen days.

5           Finally, plaintiff is cautioned that no further filing in connection with the pending motion
6    is authorized.  The Local Rules provide for a motion, an opposition, and a reply.  Local Rule
7    230(l).  Plaintiff has filed his own partial motion for summary judgment, as well as opposing
8    documents on February 5, 2016, February 8, 2016, and now February 16, 2016.  Plaintiff shall
9    file no further document in opposition to the motion for summary judgment.  Once the court
10   issues its findings and recommendations, plaintiff will be provided an opportunity to file
11   objections.

12          Accordingly, IT IS HEREBY ORDERED that:

13          1.  The court will consider plaintiff's "perfected declaration" and "affidavit" in connection
14   with the pending motion for summary judgment;

15          2.  The Clerk of the Court is directed to docket a copy of plaintiff's "affidavit," (ECF No.
16   103 at 16-17) as ECF No. 102-1;

17          3.  Within fourteen days from the date of this order, defendants shall file a response to
18   plaintiff's declarations, as discussed above, and shall submit the items missing from their prior
19   briefing; and

20          4.  The remainder of plaintiff's surreply (ECF No. 103) is disregarded.

21   Dated:  July 19, 2016

                                         _____
                                         KENDALL J. NEWMAN
                                         UNITED STATES MAGISTRATE JUDGE

//ware1505.fb

3