UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN WARE,<br><br>    Plaintiff,<br><br>    v.<br><br>W. HANKS, et al.,<br><br>    Defendants. | No. 2:12-cv-1505 TLN KJN P<br><br><br>ORDER |

    Plaintiff is a state prisoner, proceeding pro se. This action is proceeding on plaintiff's third amended complaint, filed May 20, 2013, which he seeks, *inter alia*, compensatory and punitive damages. (ECF No. 41 at 22.) A revised scheduling order issued on October 7, 2015, and defendants' motion for summary judgment is fully briefed and submitted for decision.

    On October 20, 2016, plaintiff filed a motion in which he appears to seek leave to set money damage awards for both compensatory and punitive damages in support of settlement negotiations. (ECF No. 110.) Defendants did not file a response to plaintiff's motion.

    The documents provided by plaintiff demonstrate that the parties have engaged in settlement negotiations, and, while not entirely clear, it appears plaintiff seeks to amend his pleading to set forth monetary figures for his claim for damages, ostensibly to assist him in such settlement negotiations. First, plaintiff requested both compensatory and punitive damages in his

pleading, so no further amendment is required.  Plaintiff is not required to set forth a monetary figure in his claim for damages.  Second, because the motion is not properly brought as a motion to amend and accompanied by a proposed amended complaint, the undersigned declines to construe the motion as a motion to amend under Fed. R. Civ. P. 15(a).  Because plaintiff is proceeding in forma pauperis, he is required to submit a proposed amended pleading for the court's review.  Third, plaintiff has previously amended his complaint on several occasions.  Thus, the undersigned is not inclined to grant plaintiff leave to amend again,[1] particularly at this late stage of the proceedings.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion (ECF No. 110) is denied without prejudice.

Dated:  February 6, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/ware1202.den

---

[1]  "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)); accord Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty., 708 F.3d 1109, 1117 (9th Cir. 2013).  However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951; accord Sonoma Cnty. Ass'n of Retired Emps., 708 F.3d at 1117.  "'[P]rejudice to the opposing party carries the greatest weight.'" Sonoma Cnty. Ass'n of Retired Emps., 708 F.3d at 1117 (quoting Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam)).